UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SUE MORGAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     CAUSE NO. 1:08-cv-302 |
| | ) |
| VERIZON NORTH, INC., | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On December 12, 2008, *pro se* Plaintiff Sue Morgan brought this employment discrimination case against Defendant Verizon North, Inc., alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Americans with Disabilities Act, 42 U.S.C. § 12101. (Docket # 1.) Before the Court is the motion to appoint counsel (Docket # 10) and a Questionnaire for Appointment of Counsel (Docket # 13), requesting that this Court appoint an attorney to represent her. Having now considered Morgan's motion and questionnaire, her request for counsel will be DENIED for the reasons set forth herein.

## LEGAL STANDARD

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *Lindsey v. Concord Buying Group*, No. 1:06-CV-413, 2007 WL 4299581, at *1 (N.D. Ind. Dec. 6, 2007). Rather, the standard for appointing counsel in employment discrimination cases is essentially that the Court is empowered to appoint an attorney to represent a plaintiff without charge "in such circumstances as the court may deem just." *See Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 577 (7th Cir. 1980), *overruled on other grounds by Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th

Cir. 1981); *see also Mullett v. Supreme Corp.*, No. 3:02-CV-665 RM, 2006 WL 2623302, at *1 (N.D. Ind. Sept. 12, 2006); *Defalco v. Oak Lawn Pub. Library*, No. 99 C 2137, 2000 WL 528529, at *1 (N.D. Ill. Apr. 24, 2000).

The Seventh Circuit Court of Appeals has enumerated three factors to be weighed by the district court when determining whether appointment of counsel is warranted: (1) the merits of the plaintiff's claims; (2) the plaintiff's own efforts to secure legal representation; and (3) the plaintiff's financial ability to retain private counsel. *See Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (quoting *Jones*, 626 F.2d at 577); *see also Lindsey*, 2007 WL 4299581, at *1; *Mullett*, 2006 WL 2623302, at *1; *Defalco*, 2000 WL 528529, at *1. Although any one of these factors may be determinative, the court should consider all three factors to make a complete record. *Darden*, 797 F.2d at 500-501.

## ANALYSIS

Applying this three-factor analysis to the instant circumstances, it is difficult at present to assess the merits of Morgan's claims. We do know, however, that at least five attorneys (each experienced in employment discrimination) have chosen to pass up the opportunity to represent her. (*See* Questionnaire for Appointment of Counsel 2.) This circumstance speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious.

Perhaps equally important is the fact that Morgan seems fully capable of litigating these claims herself. This suit is a relatively straightforward employment discrimination action: Morgan claims that she was discriminated against on the basis of her age and a perceived disability. (Compl. 3-4.) Morgan has also demonstrated that she is quite articulate, as her complaint included a detailed and clear description of the facts in support of her claims. (Compl.

4.) In fact, Morgan's complaint explains that she was a Customer Sales and Service Representative for thirteen years. (Compl. 4.) Consequently, it can be inferred that Morgan has reasonably good communication skills, at least at a sufficient level to maintain that employment for a number of years. Furthermore, Morgan has already competently sought relief through various motions. (Docket ## 2, 10.) It is therefore clear that Morgan is literate and possesses adequate communication skills, at least for purposes of representing herself. Additionally, she has the freedom and ability to perform her own legal research. And finally, to a major degree the facts of the case are within Morgan's personal knowledge, so the task of discovery is apt to be quite limited and certainly not insurmountable.

In short, Morgan appears to be competent and fully capable of representing herself in this suit, and it does not appear that appointing counsel will make a difference in the outcome. *See Zarnes*, 64 F.3d at 299. Consequently, her motion will be DENIED.[1]

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for the appointment of counsel (Docket # 10) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on her own. And, in the event that her claim survives a motion for summary judgment, Plaintiff may file another request to appoint counsel, and the Court will reconsider her request for purposes of trial. By separate

---

[1] Morgan also seems to have some financial ability to retain counsel, as she currently has an I.R.A. of approximately $45,000 and no dependents. (*See* Questionnaire for Appointment of Counsel 2.)

order, this matter is set for a scheduling conference on March 25, 2009, at 11:00 a.m.

SO ORDERED.

Enter for this 26th day of February, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge